UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUFROSINA DIACONU ET AL., | |
| PLAINTIFFS, | CIVIL ACTION |
| v. | No. 98-6533 |
| DEFENSE LOGISTICS ET AL., | |
| DEFENDANTS | |

**MEMORANDUM/ORDER**

June 27, 2007

    Currently before the court is *pro se* plaintiff Dorothy Butler's motion for appointment of counsel in her toxic tort suit. Docket # 64.  There is no constitutional or statutory right to counsel in a civil case. *See e.g.*, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997) (listing cases).  However, this court does have discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Parham*, 126 F.3d at 457 (noting that appointment of counsel pursuant to § 1915(e)(1) is "discretionary").

    Here, Butler has not alleged that she is "unable to afford counsel."  Rather, she moves the court to "assign [her] an environmental lawyer on the ground that [she is] not a lawyer, . . . [has] a limited general education[,] and . . . [is] not familiar with the court's

1

procedures and requirements." Docket # 64.  Because her motion does not suggest that Butler is "unable to afford counsel," 28 U.S.C. § 1915(e)(1), this court is without authority to appoint an attorney to represent her.  A court's discretionary authority to appoint an attorney to represent a litigant only comes into play when a litigant comes within the terms of 28 U.S.C. § 1915(e).

It is therefore ORDERED that Butler's motion for appointment of counsel, Docket # 64, is hereby DENIED without prejudice.

BY THE COURT:

/s/ Louis H. Pollak

Pollak, J.