UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUFROSINA DIACONU ET AL., | |
| PLAINTIFFS, | CIVIL ACTION |
| v. | No. 98-6533 |
| DEFENSE LOGISTICS ET AL., | |
| DEFENDANTS | |

**MEMORANDUM/ORDER**

Currently before the court is *pro se* plaintiff Dorothy Butler's motion filed September 10, 2007. Docket # 67. In this motion, plaintiff makes a second request for continuance, a second request for appointment of counsel, and a request that this case be transferred to another United States District Court. The government does not contest the continuance request, which the court will grant. Plaintiff will have a three-month period of time, to and including January 14, 2007, to continue to seek legal counsel.

In her second request for appointment of counsel, Ms. Butler indicates that she was unsuccessful in searching for legal representation and has only a "limited general education." Docket # 67. For these reasons, the Ms. Butler wishes that this court appoint a counsel for her that is knowledgeable in environmental law. In response to Ms. Butler's first request for appointment of counsel, this court explained that it lacks discretion to "request an attorney to represent" a party unless the person is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). Ms.

Butler's second request does not allege that she is "unable to afford counsel." The court will therefore deny the request without prejudice to resubmission of a further request if she is, indeed, unable to afford legal representation.

Ms. Butler requests that this case be transferred to another federal district court, "preferably the U.S. District Court for the District of Columbia." Docket # 67. The court's power to grant this request is governed by 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfers under this rule "are not to be granted liberally," *Weber v. Basic Comfort, Inc.*, 155 F.Supp.2d 283, 284 (E.D. Pa. 2001). However, in determining whether to grant a such a transfer, it is appropriate to conduct a case-specific analysis of "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (quoting 15 Wright, Miller & Cooper § 3847). These factors include the private interests of the parties, including plaintiff's forum preference as manifested in the original choice, the defendant's preference, and whether the claim arose elsewhere. The court should also consider public interests, including practical considerations that could make trial easy, expeditious, or inexpensive. *See In re Amkor Technology, Inc. Securities Litigation*, No. 06-298, 2006 WL 3857488 at *2 (E.D. Pa. December 28, 2006).

In this case, the court finds that the interest of justice weighs against transfer. In support

of her request, Ms. Butler's draws our attention to a case recently filed in the United States District Court for the District of Columbia by her former co-plaintiff, Eufrosina Diaconu, *Eufrosina v. Gates et. al.*, Civil Action No. 07-1358.  We also note that Ms. Butler was not, originally, the only plaintiff in this action, and does not therefore bear sole responsibility for the case originating in this district.  Against these considerations, however, we note that the action is based on a toxic tort claim arising in this district, that plaintiff resides in this district, and that defendant opposes the request to transfer.  Moreover, while Diaconu recently filed a complaint in the District of Columbia, it appears that no further action has, to date, been taken in that case.  By contrast, Ms. Butler's case has a long and involved history in this district.  It would therefore be neither economic nor expeditious to transfer the case.  The court therefore denies plaintiff's request.

ACCORDINGLY, this 12th day of October, 2007, in consideration of plaintiff's motion filed September 10, 2007, Docket # 67, it is ORDERED that:

> (1) Plaintiff's motion is GRANTED insofar as it requests a continuance in this case.  Plaintiff will have a three-month period of time, to and including January 14, 2007, to continue to seek legal counsel.
>
> (2) Plaintiff's motion is DENIED without prejudice insofar as it requests appointment of counsel.
>
> (3) Plaintiff's motion is DENIED insofar as it requests a transfer of venue.
>
> (4) Plaintiff's motion is DENIED in all other respects.

BY THE COURT:

Louis H. Pollak
/s/Pollak, J.