UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUFROSINA DIACONU ET AL., | |
| PLAINTIFFS, | CIVIL ACTION |
| v. | No. 98-6533 |
| DEFENSE LOGISTICS ET AL., | |
| DEFENDANTS | |

**MEMORANDUM/ORDER**

Currently before the court is *pro se* plaintiff Dorothy Butler's motion filed January 7, 2008.  Docket # 71.

In this motion, plaintiff makes a third request for appointment of counsel.  The court must deny this request.  In denying plaintiff's prior two requests for appointed counsel, the court stated that it lacks discretion to "request an attorney to represent" a party unless the person is "unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Accordingly, this court cannot appoint counsel for plaintiff unless she makes a showing that she is unable to afford counsel.

The court will deny plaintiff's request for appointment of counsel without prejudice.  This means that plaintiff may file a new motion requesting appointment of counsel.  However, the court must deny any such future motion unless plaintiff shows that she is unable to afford counsel.  To assist plaintiff in making this showing, the Clerk of Court will provide plaintiff with an application to proceed *in forma pauperis*.  Though plaintiff has already paid her filing fee, the

application asks for information that would allow the court to determine whether a plaintiff qualifies to receive appointed counsel.  Plaintiff may complete the application and submit it with a new motion for appointment of counsel.  If plaintiff does so, and it appears from the form that plaintiff is unable to afford counsel, the court will consider whether appointment of counsel is warranted in this case.

Plaintiff styles her motion as a "Request for Continuation and Appointment of Counsel," but does not appear to state, in her motion, why a continuance would be beneficial.  Plaintiff attests that, during the last period of continuance, she contacted seventy attorneys, none of whom is in a position to represent her.  In light of this diligent effort, it does not seem as though it would be productive to grant plaintiff additional time to seek representation.  However, the court will grant plaintiff a thirty-day continuance so that she may file a new motion for appointment of counsel, if she wishes to do so.  During this continuance period, the court will not schedule any status conferences, consider any dispositive motions that may be filed, or require the plaintiff to respond to any motions that may be filed.

In her motion, plaintiff requests "alternative resolution" of the case.  After the thirty-day continuance period, the court will refer this case for pretrial management, at which point a magistrate judge will conduct whatever conferences may be appropriate under Federal Rule of Civil Procedure 16(a) for the purposes of "expediting disposition of the action" or "facilitating settlement."

ACCORDINGLY, this 13th day of June, 2008, in consideration of plaintiff's

motion filed January 7, 2008, docket # 71, it is ORDERED that:

(1) Plaintiff's motion is DENIED without prejudice insofar as it requests appointment of counsel.

(2) The Clerk of Court shall provide plaintiff with an application to proceed in forma pauperis.  Plaintiff may complete the form and submit it with a new motion for appointment of counsel.

(3) Plaintiff's motion is GRANTED in part insofar as it requests a continuance. Plaintiff will have thirty days from the date of this order to file a new motion for appointment of counsel, if she is indeed unable to afford an attorney.


BY THE COURT:


/s/ Louis H. Pollak
Pollak, J.